IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA S. CLARK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:13-CV-748 |
| | ) |
| CAVALRY INVESTMENTS, LLC | ) |
| and WRIGHT & LERCH | ) |
| | ) |
| Defendant. | ) <u>Jury Demanded</u> |

# COMPLAINT

Plaintiff Angela S. Clark, by counsel, hereby bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), for a finding that Defendants have committed violations of the FDCPA, and to recover damages for those violations, and in support thereof says and alleges:

## JURSISDICTION AND VENUE

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here and c) Defendants transact business here.

## PARTIES

3. Plaintiff, Angela S. Clark ("Ms. Clark"), are residents of the State of Indiana and resides in the Southern District of Indiana.

4. Defendant, Cavalry Investments, LLC ("Cavalry") is a Delaware Limited Liability Company with its principal place of business located in Valhalla, New York.

5. Defendant, Wright & Lerch ("W&L") is an Indiana law firm, with its principal place of business located in Fort Wayne, Indiana. W&L does business in the State of Indiana and in the Southern District of Indiana. Specifically, W&L engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

6. Cavalry is a company in the business of purchasing delinquent debt and then trying to collect the purchased accounts.

7. W&L is a law firm that practices in the area of consumer debt collection.

8. Cavalry is as debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

9. W&L is as debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

10. Cavalry purchased a debt allegedly owed by Ms. Clark and her husband, Richard L. Clark ("Mr. Clark") to Illiana Financial, Inc. ("the purchased account").

11. After purchasing the account, Cavalry began its attempt to collect the account from Ms. Clark and Mr. Clark.

12. As part of its collection effort, Cavalry assigned the purchased account to W&L for collectio

13. In its capacity as third party debt collector for Cavalry, W&L attempted to collect the purchased account from Ms. Clark and Mr. Clark.

14. On April 30, 2001 W&L filed a lawsuit on behalf of Cavalry against Ms. Clark and Mr. Clark. The lawsuit was docketed in the Johnson County Indiana Superior Court as Cause No. 41D03-0603-PL-00020 ("the collection lawsuit"). A true and accurate copy of the Chronological Case Summary for the collection lawsuit is attached hereto as Exhibit "A".

15. On January 4, 2002 the Court entered Default Judgment in the collection lawsuit. Judgment was entered against Mr. Clark only. No judgment was ever entered in the collection lawsuit against Ms. Clark. A true and accurate copy of the Default Judgment entered in the collection lawsuit is attached hereto as Exhibit "B".

16. Despite not having a judgment against Ms. Clark, Cavalry and W&L continued to file proceedings supplemental against her.

17. On May 10, 2012, Cavalry and W&L filed a Motion for proceeding supplemental for the purpose of garnishing Ms. Clark's wages at her place of employment. A true and accurate copy of the May 10, 2012 Motion for Proceeding Supplemental is attached hereto as Exhibit "C".

18. Cavalry and W&L's May 10, 2012 Motion for Proceeding Supplemental was set for hearing on June 12, 2012.

19. As a result of the Proceeding Supplemental hearing, a Final Order in Garnishment was issued against Ms. Clark. The Final Order in Garnishment ordered a

garnishment of Ms. Clark's wages earned at Franklin Community School Corporation. A true and accurate copy of the Final Order in Garnishment is attached hereto as Exhibit "D".

20. Ms. Clark's wages were garnished despite the fact that no judgment had ever been entered against her in the collection law suit.

21. On February 7, 2013, counsel for Ms. Clark filed an emergency Motion to Terminate the Wage Garnishment and Proceeding Supplemental in the collection law suit. A true and accurate copy of the Emergency Motion to Terminate Wage Garnishment and Proceedings Supplemental is attached hereto as Exhibit "E".

22. The Emergency Motion to Terminate Wage Garnishment pointed out to the Court that Ms. Clark's wages could not be garnished because no judgment had been entered against her.

23. On February 8, 2013, the Court entered an Order terminating the Wage Garnishment. A true and accurate copy of the Order terminating the Wage Garnishment is attached hereto as Exhibit "F".

24. Sometime after the Wage Garnishment was terminated, Ms. Clark's garnished wages were eventually returned to her.

25. Ms. Clark was damaged economically as a result of Cavalry and W&L's wrongful garnishment of her wages.

26. Ms. Clark suffered emotional distress as a result of Cavalry and W&L's wrongful garnishment of her wages.

27. Ms. Clark suffered damage to her reputation as a result of Cavalry and W&L's wrongful garnishment of her wages.

## COUNT I

### Violation of 15 U.S.C. § 1692e(2)(A) and § 1692e(10)
### False or Misleading Representations

28. Ms. Clark incorporates herein by reference the allegations of paragraph one (1) through twenty-seven (27) of her Complaint.

29. In the body of the Motion for Proceeding Supplemental filed by Cavalry and W&L against Ms. Clark, Cavalry and W&L affirmed under the penalties for perjury that Cavalry owned a judgment against Ms. Clark.

30. Cavalry did not, in fact, own a judgment against Ms. Clark when the May 10, 2012 Proceeding Supplemental was filed.

31. Cavalry and W&L's statement that Cavalry owned a judgment Ms. Clark constitutes a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e (2)(A) of the FDCPA.

32. Cavalry and W&L's representation that Cavalry owned a judgment against Ms. Clark constitutes the use of a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e (10) of the FDCPA.

## COUNT II

### Violation of 15 U.S.C. § 1692f
### Unfair Practices

33. Ms. Clark hereby incorporates herein by reference the allegations of paragraphs one (1) through twenty-seven (27) of her Complaint.

34. Cavalry and W&L filed Proceedings Supplemental in the law suit for the purpose of garnishing Ms. Clark's wages when Cavalry had no judgment against Ms. Clark.

35. Cavalry and W&L's continuing to utilize the Proceeding Supplemental system despite not having a judgment constitutes an unfair practice in violation of 15 U.S.C. § 1692f of the FDCPA.

## REQUEST FOR RELIEF

Plaintiff, Angela S. Clark, hereby requests that the Court:

1. Declare that Defendants' debt collection actions violated FDCPA.

2. Enter Judgment in favor of Plaintiff, Angela S. Clark, and against Defendant Cavalry Investments, LLC for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k of the FDCPA.

3. Enter Judgment in favor of Plaintiff, Angela S. Clark, and against Defendants Wright & Lerch for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k of the FDCPA.

4. Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Angela S. Clark, hereby demands a trial by jury.

Respectfully submitted,

/s/ C. Warren Nerz, Esq.